**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
**Amy E. Shotmeyer, Esq.**
Attorney ID: 000382010
61 S. Paramus Road, Suite 250
Paramus, New Jersey 07652
Phone: (201)928-1100

Attorneys for Defendant,
 New Jersey Turnpike Authority (i/p/a Garden State Parkway)

UNITED STATED DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENIER POLANCO ALMONTE, | Civil Action No. 2:23-cv-22642-CCC-CLW |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS ON BEHALF OF DEFENDANT NEW JERSEY TURNPIKE AUTHORTY** |
| v. | |
| NEW JERSEY TURNPIKE AUTHORITY, GARDEN STATE PARKWAY, ET AL. | |
| Defendants. | |

Defendant New Jersey Turnpike Authority (improperly pled as "Garden State Parkway"; hereinafter, referred to as "Defendant"), by way of answer to the Complaint filed by Plaintiff Canier Polanco Almonte ("Plaintiff"), herein states as follows:

**AS TO "JURISDICTION AND VENUE"**

1.   Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 1 of the Complaint and leaves Plaintiff to his proofs.

2.   Defendant admits only that the Turnpike Authority is a public entity organized and existing under the laws of the State of New Jersey; otherwise, Plaintiff is left to his proofs.

3.   Paragraph 3 of the Complaint sets forth statements that are not directed at this Defendant; therefore, no response is required, and Plaintiff is left to his proofs.

4. Paragraph 4 of the Complaint sets forth statements that are not directed at this Defendant; therefore, no response is required, and Plaintiff is left to his proofs.

5. Paragraph 5 of the Complaint sets forth statements that are not directed at this Defendant; therefore, no response is required, and Plaintiff is left to his proofs.

6. Defendant admits only that the Order of the New Jersey Superior Court, Bergen County Law Division, entered on July 7, 2023 (Trans ID: LCV20232029014), deemed Plaintiff's Tort Claim Notice timely; otherwise, Plaintiff is left to his proofs.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and leaves Plaintiff to his proofs, but denies any wrongdoing alleged against the Turnpike Authority.

8. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 8 of the Complaint and leaves Plaintiff to his proofs.

9. Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and leaves Plaintiff to his proofs, but denies any wrongdoing alleged against the Turnpike Authority.

## AS TO "FACTS"

10. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 10 of the Complaint and leaves Plaintiff to his proofs.

11. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 11 of the Complaint and leaves Plaintiff to his proofs.

12. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 12 of the Complaint and leaves Plaintiff to his proofs.

13. Defendant lacks sufficient knowledge and information to either admit or deny the allegations of paragraph 13 of the Complaint and leaves Plaintiff to his proofs.

14. Paragraph 14 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and leaves Plaintiff to his proofs, but denies any wrongdoing alleged against the Turnpike Authority.

15. Paragraph 15 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and leaves Plaintiff to his proofs, but denies any wrongdoing alleged against the Turnpike Authority.

## AS TO "FIRST COUNT"

16. Paragraph 16 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits only that it owns and operates the Garden State Parkway. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and leaves Plaintiff to his proofs, but denies any wrongdoing alleged against the Turnpike Authority.

17. Paragraph 17 of the Complaint sets forth statements that are not directed at this Defendant; therefore, no response is required, and Plaintiff is left to his proofs.

18. Paragraph 18 of the Complaint sets forth statements that are not directed at this Defendant; therefore, no response is required, and Plaintiff is left to his proofs.

19. *through* 30.  Paragraphs 19 through 30 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraphs 19 through 30 of the Complaint, to the extent the allegations involve this Defendant; otherwise, Plaintiff is left to his proofs.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, plus costs.

## AS TO "SECOND COUNT"

31. Defendant repeats the answers to the prior allegations as if the same were set forth at length herein.

32. *through* 40.  Paragraphs 32 through 40 of the Complaint set forth statements that are not directed at this Defendant; therefore, no response is required to any of the aforesaid paragraphs, and Plaintiff is left to his proofs.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, plus costs.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred in whole or in part, and the proceedings and/or any recovery resulting there from is barred, limited and/or controlled by any/all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

2. This Defendant was free from any and all negligence.

3. Any negligence which may have caused Plaintiff's alleged damages, if any, was that of a person, third party, or agency over which this Defendant had no control and which were not foreseeable to this Defendant.

4. Any damages or injuries which have been sustained by the Plaintiff were the result of a vehicular event over which this Defendant had no control.

5. The injuries and damages set forth in the Complaint were caused by and arose out of risk which Plaintiff had full knowledge of and which Plaintiff assumed, and this action is barred, or recovery is reduced in that the Plaintiff's voluntarily assumed a known and appreciated risk.

6. At all times pertinent to the allegations contained within the Complaint, this Defendant acted reasonably and properly in the execution of their duties.

7. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-4 and N.J.S.A. 59:4-5, as to the condition of property, including but not limited to issues of actual or constructive notice and condition of its public property.

8. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-6 as to the liability for an injury caused by the plan or design of public property, either as to original construction or improvement thereto.

9. Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-6 and N.J.S.A. 59:3-7, as to the non-liability for an injury caused by the failure to inspect or for the inadequacy of same.

10. This action is barred by reason of Statutory Immunity of this Defendant and this Defendant reserves the right to move to dismiss the Complaint on that ground.

11. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2, as to the immunities available to the public entity and/or public employee.

12. The Plaintiff was negligent, and this claim is barred or limited by reason of the New Jersey Joint and Several Liability Act, N.J.S.A. 2A:15-1, et seq. and/or New Jersey Comparative Negligence Act N.J.S.A. 2A:53A-1, et seq.

13. This Defendant is not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S.A. 59:2-2(b).

14. Defendant is immune from liability pursuant to the provisions of N.J.S.A 59:3-1, et seq.

15. Defendant is immune from suit pursuant to the provisions of N.J.S.A. 59:2-10.

16. Any action or failure to act on the part of Defendant was not palpably unreasonable within the meaning of N.J.S.A. 59:4-2 and, accordingly, no liability may be imposed upon this Defendant.

17. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-3 and 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

18. The Complaint fails to state a cause of action upon which relief may be granted, and this Defendant reserve the right to move to dismiss on that ground.

19. This suit is barred by the Statute of Limitations.

20. At all times mentioned in the Complaint, any and all actions or omissions of this Defendant relating in any way to the Plaintiff's alleged damages involved decision of this Defendant within an area of non-actionable governmental discretion. By virtue of said discretion, this Defendant is not liable to any party herein.

21. This Defendant did not violate or breach any regulation, standard or common law, contractual, and/or statutory duty owed to Plaintiff.

22. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-8 and N.J.S.A. 59:4-9 as to the immunity for conditions of unimproved and unoccupied lands.

23. This action is barred due to Plaintiff's failure to timely serve Defendant and due to insufficient service of process, and Defendant reserves the right to move to dismiss on that ground.

24. The injuries and damages alleged to have been sustained by Plaintiff was not proximately caused by this Defendant.

25. Defendant is immune from liability pursuant to the provisions of N.J.S.A. 59:9-1, et seq.

26. Any recovery to which the Plaintiff might otherwise be entitled are subject to reduction in accordance with the judgments, damages and interest provided by N.J.S.A. 59:9-2.

27. The injuries, damages, and/or losses alleged in the complaint were caused in whole or in part by the negligence of Plaintiff and/or others, which by comparison was for greater than any conduct alleged as to this Defendant. Further, this Defendant asserts the applicability of the provisions of N.J.S.A. 59:9-3 and N.J.S.A. 59:9-4 regarding joint tortfeasors and the comparative negligence of the plaintiff. Plaintiff was guilty of comparative negligence of a greater degree that any negligence of this Defendant, which is denied.

28. Recovery is reduced to the extent that any of the Plaintiff's losses have been paid or reimbursed by collateral sources pursuant to the New Jersey Collateral Source Rule; N.J.S.A. 2A:15-97 and/or N.J.S.A. 39:6A-6.

29. This action is barred, or recovery is reduced due to the Plaintiff's failure to mitigate damages.

30. These claims are barred or limited by reason of the Doctrine of Laches.

31. These claims are barred or limited by reason of the Doctrine of Estoppel.

32. These claims are barred or limited by reason of the Doctrine of Waiver.

33. This Defendant is entitled to qualified immunity and/or absolute immunity.

34. This Defendant acted in accordance with clearly established standards and accordingly is not liable to Plaintiff.

35. These claims are barred or limited in whole or part by reason of the Doctrine of Entire Controversy and/or res judicata.

36. This action is barred by N.J.S.A. 2A:14-2.

37. Defendant asserts all rights, defenses, and immunities enumerated in N.J.S.A. 2A:14-2.

38. This Defendant asserts the applicability of the provisions of N.J.S.A. 59:8-3 through 59:8-11 regarding Plaintiff's failure to provide adequate and/or timely file a notice of claim.

39. Plaintiff's claims were satisfied in full and therefore is barred from pursing this claim due to accord and satisfaction being reached.

40. This is a frivolous suit under N.J.S.A. 2A:15-59.1 and Defendant, therefore, demands fee and costs.

41. This Defendant asserts the applicability of the meaningful choice doctrine of Plaintiff's contributory or comparative negligence.

42. The injuries and/or damages alleged in the complaint are not the foreseeable consequences of any act or omission and/or commission or conduct on behalf of this Defendant are too remote and/or speculative to warrant a recovery against this Defendant.

43. This Defendant asserts immunity for acts arising from and/or in the course of the exercise of purely governmental functions.

44. If the incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiff was proximately caused or contributed to by the fault of third parties not a party to this suit, the responsibilities of this Defendant and right of the Plaintiff to recover can only be determined after the percentages of responsibility of all parties to this litigation

has been determined. Accordingly, this Defendant seeks adjudication of the percentage of fault of the Plaintiff and each and every person whose fault contributed to the alleged incident.

45. Defendant is immune from liability pursuant to the provisions of N.J.S.A.59:4-7, regarding weather conditions.

46. This Defendant hereby reserves the right to interpose such other defenses an objections as continuing discovery may disclose.

47. The Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 through 59:12-3 inclusive, as if each section, provision, defense, and immunity were listed herein separately, particularly, and at length.

48. Recovery is barred in this action by the provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq.

49. This Defendant had neither actual nor constructive notice of the conditions described by Plaintiff within a sufficient time prior to the alleged accident so as to have taken measures to protect against the same and is immune from liability by virtue of N.J.S.A. 59:4-3.

50. Any actions taken by this Defendant were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-3, and accordingly, no liability may be imposed.

51. Defendant affirmatively pleads the procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., which are applicable and have not been previously cited in this Answer.

52. Plaintiff failed to state a cause of action pursuant to the Affidavit of Merit Statute, NJSA 2A:53A-27 and NJSA 2A:53A-29. I make a demand for affidavit of merit from a licensed engineer pursuant NJSA 2A:53A-27 and NJSA 2A:53A-26(e).

53. Defendant at all times acted in accordance with the laws of the United States of America and the State of New Jersey.

54. Plaintiff's claims are not ripe for adjudication, do not present a justiciable controversy, and/or claims are moot.

55. This Court lacks subject matter jurisdiction.

56. Plaintiff's claims are barred, in whole or in part, by the doctrine of preemption.

57. Plaintiff's claims are barred, in whole or in part, by the doctrine of *parens patriae*.

58. Plaintiff's claims are barred, in whole or in part, because its claims are duplicative of governmental action and the State of New Jersey is and/or will be diligently prosecuting an action to resolve any alleged endangerment.

## **CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION**

Without admitting any liability whatsoever, Defendant hereby demands from any/all other named Defendants currently named or to be named to this action, both contribution and indemnification pursuant to any/all applicable provisions of common law, contract law, existing contract or lease between the parties and/or statute (including but not limited to the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2:53A-1 et seq., the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., and New Jersey Tort Claims Act, N.J.S.A. 59:9-3, 9-4) and/or, by way of demand for complete indemnification against all other Defendants currently named or to be named, assert that any negligence on the part of this Defendant is only secondary, vicarious, and imputed, whereas the negligence of any/all such other Defendants was primary, direct, and active.

## ANSWER TO CROSSCLAIMS

Defendant, by way of Answer to any and all Crossclaims which may be made against it now or in the future, says: Defendant New Jersey Turnpike Authority denies all allegations of any crossclaim that cross-claimants are entitled to relief sought.

**WHEREFORE**, Defendant New Jersey Turnpike Authority demands judgment dismissing any crossclaim, plus costs.

## RELIEF

**WHEREFORE**, Defendant respectfully request that this Court:

a.  Enter judgment in Defendant's favor;

b.  Deny all relief sought by Plaintiff in the Complaint;

c.  Dismiss the Complaint in its entirety and with prejudice;

d.  Award Defendant costs and fees incurred in the defense of this action; and

e.  Award to Defendant such further relief as the Court deems just and proper.

## RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that the matter in controversy is not the subject of any other action pend03-285ing in any court, or of any pending arbitration or administrative proceeding.

**DECOTIIS, FITZPATRICK,**
**& COLE, LLP**
Attorneys for Defendant,
New Jersey Turnpike Authority

By:     /s Amy E. Shotmeyer

Dated: January 8, 2024

11

3371904_1