| | |
|---|---|
| DENIER POLANCO ALMONTE,<br><br>    Plaintiff,<br><br>        v.<br><br>NEW JERSEY TURNPIKE AUTHORITY, et al.,<br><br>    Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY (NEWARK)**<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>Civil Action No. 2:23-cv-22642<br><br>**(Electronically Filed)** |

___

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS, STATE OF NEW JERSEY AND THE NEW JERSEY DEPARTMENT OF TRANSPORTATION**

___

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants,
 State of New Jersey and New Jersey
Department of Transportation

By: Angela M. Cifelli
    Deputy Attorney General
    (609)376-2761
    Angela.Cifelli@law.njoag.gov

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT..............................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..........................2

STANDARDS OF REVIEW................................................3

   A. Federal Rule of Civil Procedure 12(b)(1)......................3

   B. Federal Rule of Civil Procedure 12(b)(6)......................4

LEGAL ARGUMENTS....................................................5

     POINT I

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
        BECAUSE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY
        BARS PLAINTIFF'S CLAIMS AGAINST THE STATE
        DEFENDANTS............................................5

     POINT II

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
        BECAUSE STATE DEFENDANTS DO NOT OWN, CONTROL,
        OR MAINTAIN, THE SUBJECT AREA OF PLAINTIFF'S
        ALLEGED ACCIDENT......................................7

   CONCLUSION.....................................................11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alabama v. Pugh*,
  438 U.S. 781 (1978) ..........................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................4

*Brandon v. Holt*,
  469 U.S. 464 (1985) ..........................................7

*Burg v. State of New Jersey*,
  147 N.J. Super. 316 (App. Div. 1977) .........................8

*Chisholm v. Georgia*,
  2 U.S. 419 (1793) ............................................5

*Danow v. Penn Central Transp. Co.*,
  153 N.J. Super. 597 (Law Div. 1977) .........................10

*English v. Newark Housing Authority*,
  138 N.J. Super. 425 (App. Div. 1976) .........................8

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..................................5

*Haybarger v. Lawrence Cty. Adult Prob. & Parole*,
  551 F.3d 193 (3d Cir. 2008) ..................................6

*Malleus v. George*,
  641 F.3d 560 (3d Cir. 2011) ...............................4, 5

*Malloy v. State*,
  76 N.J. 515 (1978) ...........................................8

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) ...............................3, 4

*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89 (1984) ........................................5, 6

*Principality of Monaco v. Mississippi*,
  292 U.S. 313 (1934) .........................................5

*Regents of the Univ. of Cal. v. Doe*,
  519 U.S. 425 (1997) .........................................6

*Smolow v. Hafer*,
  353 F. Supp. 2d 561 (E.D. Pa. 2005) .........................3

*Va. Office for Prot. & Advocacy v. Stewart*,
  563 U.S. 247 (2011) .........................................6

*Weiser v. County of Ocean*,
  326 N.J. Super. 194 (App. Div. 1999) ........................1

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ..........................................7

*Willis v. Dept. of Cons. & Ec. Dev.*,
  55 N.J. 534 (1970) ..........................................8

**Statutes**

N.J.S.A. 59:1-2..................................................7

N.J.S.A. 59:2-1(a)...............................................8

N.J.S.A. 59:4-1..................................................1

N.J.S.A. 59:4-1(c)...........................................1, 10

N.J.S.A. 59:4-2............................................1, 9, 10

Tort Claims Act............................................1, 7, 8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1).........................3

Federal Rule of Civil Procedure 12(b)(6).........................4

United States Constitution Eleventh Amendment..............5, 6, 7

**PRELIMINARY STATEMENT**

Plaintiff, Denier Almonte, brings suit against Defendants State of New Jersey and New Jersey Department of Transportation (collectively "State Defendants") alleging claims of negligence. *See* ECF No. 1. State Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

As will be demonstrated more fully herein, Plaintiff's claims against the State Defendants fail as a matter of law. Plaintiff's Complaint should be dismissed against State Defendants on sovereign immunity grounds. State Defendants are the State itself, and the Department of Transportation, an "arm" of the State, which cannot be sued in federal court. The Complaint asserts that there is diversity jurisdiction allowing this Court to hear Plaintiff's state law tort claims. Even assuming that is correct, Plaintiff's claims against State Defendants are still barred by sovereign immunity as embodied in the Eleventh Amendment.

If this Court does decide to consider Plaintiff's state law claims, those claims also plainly fail as a matter of law. Pursuant to the Tort Claims Act ("TCA") a public entity may be liable for a dangerous condition on public property. *Weiser v. County of Ocean*, 326 N.J. Super. 194, 199-200 (App. Div. 1999) (citing N.J.S.A. 59:4-1 & 59:4-2). N.J.S.A. 59:4-1(c) defines

"public property" as "real or personal property owned or controlled by the public entity." The State Defendants do not own or control the premises located at or near the New Jersey Turnpike, milepost 121.0.

Consequently, the State Defendants' motion to dismiss should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On November 27, 2023, Plaintiff initiated this action against the State Defendants. *See* ECF No. 1. Plaintiff alleges that on September 18, 2022, he was involved in an accident while traveling on the New Jersey Turnpike ("Turnpike") near milepost 121.0. *Id.* at ¶ 10. Plaintiff alleges that at the time of the accident there was a "large bin and/or container" in the travel lane of the Turnpike, which obscured Plaintiff's vision of traffic ahead of him. *Id.* at ¶ 11-12. Plaintiff asserts that due to the presence of the large bin/ container, Plaintiff was caused to lose control and become ejected from his motorcycle. *Id.* at ¶ 13.

The State Defendants do not own, control, or maintain the New Jersey Turnpike at or near milepost 121.0. *See* Certifications of Mark Hauske and Victor Akpu.

---

[1] The statement of facts and procedural history have been combined to avoid repetition and for ease of understanding, as they are closely related.

2

The State Defendants now move to dismiss the Complaint, with prejudice, under Fed. R. Civ. P. 12 (b)(1) and 12(b)(6).

## STANDARDS OF REVIEW

**A. Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for lack of subject matter jurisdiction. In evaluating a motion to dismiss under Rule 12(b)(1), a district court must first determine whether the defendant's motion attacks (1) the complaint as deficient on its face; or (2) the existence of subject matter jurisdiction in fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A defendant's "facial attack" asserts that the plaintiff did not properly plead jurisdiction, whereas a defendant's "factual attack" involves an averment that jurisdiction is lacking on the basis of facts outside of the pleadings. *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

Where a Rule 12(b)(1) motion facially attacks the complaint, the court must take all allegations in the complaint as true. *Mortensen*, 549 F.2d at 891. Where, however, the defendant attacks the court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to the plaintiff's allegations, and the court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. *Id.* In both scenarios, the plaintiff

3

bears the burden of proving the existence of subject matter jurisdiction. *Id.*

**B. Federal Rule of Civil Procedure 12(b)(6)**

In lieu of filing an answer to a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* And, "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Under the *Iqbal/Twombly* pleading framework, a district court should undertake a three-prong analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *Twombly*, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint

4

contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### LEGAL ARGUMENTS

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS.**

The Eleventh Amendment to the United States Constitution prohibits "suits brought in federal courts by [a State's] own citizen as well as by citizens of another state" against the State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). The Amendment was a congressional response to the Supreme Court's now-superseded decision in *Chisholm v. Georgia*, 2 U.S. 419 (1793), which held that States were amenable to citizen suits in federal court. *Principality of Monaco v.*

5

*Mississippi*, 292 U.S. 313, 325 (1934). It is a jurisdictional bar and divests federal courts of their subject matter jurisdiction to hear a case. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 98-100. Exceptions to sovereign immunity arise when Congress expressly abrogates a State's immunity through appropriate legislation or a State voluntarily waives its immunity. *See Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253-54 (2011).

Eleventh Amendment sovereign immunity protects non-consenting states from suits brought in federal court by private citizens seeking monetary damages. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100-01. The immunity extends beyond the State and immunizes state agencies, departments, and officials, provided they constitute "arm[s] of the state." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (finding that the shield of Eleventh Amendment sovereign immunity extends to "subunits of the State"). Stated differently, Eleventh Amendment sovereign immunity "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). As such, the Supreme Court held that a suit against a state official in her official capacity is not a suit against the official, but rather is a suit against her office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

6

(quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Further, New Jersey Statute 27:1A-2, declares the Department of Transportation as being established in the Executive Branch of the State Government.

Here, Eleventh Amendment sovereign immunity shields the State Defendants. Because Plaintiff has initiated this action against State of New Jersey and the Department of Trasportation, the instant suit equates to a constitutionally impermissible suit against the State. *See Will*, 491 U.S. at 71. Since Congress has not abrogated New Jersey's sovereign immunity, nor has the State waived it, the State Defendants are immune from claims asserted by Plaintiff. *See Pa. Fed'n of Sportsmen's Clubs, Inc.*, 297 F.3d at 323.

Therefore, Plaintiff's claim for relief against the State Defendants should be dismissed with prejudice under Eleventh Amendment sovereign immunity principles.

### POINT II

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE STATE DEFENDANTS DO NOT OWN, CONTROL, OR MAINTAIN, THE SUBJECT AREA OF PLAINTIFF'S ALLEGED ACCIDENT.**

The Tort Claims Act permits liability on the part of the State of New Jersey and its entities *only* under certain limited circumstances. Generally, the Tort Claims Act reflects the considered legislative response to the judicial abrogation of the

7

traditional doctrine of sovereign immunity in *Willis v. Dept. of Cons. & Ec. Dev.*, 55 N.J. 534 (1970). The legislative declaration of public policy set forth in the Act at N.J.S.A. 59:1-2 declares:

> [T]he Legislature recognizes that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limits, and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this state, that public entities will only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principals established herein. All the provisions of this act should be construed with a view to carry out the above legislative declaration.

Consistent with this declaration of public policy, the Act follows the basic approach of providing immunity to all public entities unless liability is expressly allowed. N.J.S.A. 59:2-1(a) makes this clear by stating:

> Except as otherwise provided by this act, a public entity is not liable for an injury whether such injury arises out of an act or omission of the public entity or a public employee or any person.

Hence, the basic legislative premise of the Tort Claims Act is to reestablish immunity for all governmental bodies. The immunity is all-inclusive except as otherwise provided in the Act. *Malloy v. State*, 76 N.J. 515 (1978); *Burg v. State of New Jersey*,

8

147 N.J. Super. 316, 320 (App. Div. 1977); *English v. Newark Housing Authority*, 138 N.J. Super. 425, 428-29 (App. Div. 1976).

When alleged dangerous conditions of public property are involved, the governing legislation is Chapter Four of the Tort Claims Act, which deals with public entity liability for conditions of public property. A plaintiff must prove all of the elements under N.J.S.A. 59:4-2 to establish liability for a dangerous condition.

N.J.S.A. 59:4-2 provides:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created a dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section will be construed to impose liability upon a public entity for a dangerous condition of its public property of the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
>
> [emphasis added].

9

The above-quoted provision provides that the State of New Jersey, or any public entity, may be held liable only for a dangerous condition of its <u>own</u> <u>property</u> and not that owned or controlled by other parties. Likewise, N.J.S.A. 59:4-1(c) provides:

> ... 'public property' means real or personal property <u>owned</u> <u>or</u> <u>controlled</u> <u>by</u> <u>the</u> <u>public</u> <u>entity</u>, but does not include easements, encroachments and other property that are located on the property of the public entity but are not owned or controlled by the public entity.
>
> [emphasis added]

There is no basis for extending a public entity's liability to public property owned and maintained by another entity. *See Danow v. Penn Central Transp. Co.*, 153 N.J. Super. 597 (Law Div. 1977).

Here, Plaintiff's alleged injury occurred on the Turnpike at or near milepost 121.0. *See* ECF No. 1 at ¶ 10. The State Defendants does not and did not own the property at the time of the alleged subject incident. *See* Certifications of Mark Hauske and Victor Akpu. As such, there is no basis for extending any liability State Defendants who did not own the property of the alleged subject incident. *See* N.J.S.A. 59:4-1(c) and 4-2.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant State Defendants' motion to dismiss Plaintiff's Complaint with prejudice.

>
> Respectfully submitted,
>
> MATTHEW J. PLATKIN
> ATTORNEY GENERAL OF NEW JERSEY
>
> By: /s/ Angela M. Cifelli
> Angela M. Cifelli
> Deputy Attorney General
> 330952022

DATE: January 23, 2024

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
PO Box 116
Trenton, NJ 08625
Attorney for Defendants,
    State of NJ and NJ Department of
    Transportation

By: Angela M. Cifelli (330952022)
    Deputy Attorney General
    609-376-2761
    Angela.Cifellilaw.njoag.gov
    DOL# 23-02991

| | |
|---|---|
| DENIER POLANCO ALMONTE,<br><br>       Plaintiff,<br><br>v.<br><br>THE NEW JERSEY TURNPIKE AUTHORITY, GARDEN STATE PARKWAY, THE STATE OF NEW JERSEY; THE NEW JERSEY DEPARTMENT OF TRANSPORTATION; JOHN DOE 1-10 (fictitious names); JANE ROE 1-10 (fictitious names); JOHN DOE CORP. 1-10 (fictitious names),<br><br>       Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Docket No.2:23-cv-22642-CCC-CLW<br><br><u>CIVIL ACTION</u><br><br>CERTIFICATION OF<br>MARK HAUSKE |

MARK HAUSKE, of full age, certifies and says:

1.    I am employed as Project Manager, Division of Capital Program Support, State of New Jersey Department of Transportation ("NJDOT"). In this capacity, I have access to records kept, in the ordinary course of NJDOT business, concerning highway maintenance and control, where there are jurisdictional agreements with roadways that intersect State highways, within the State of New Jersey.

2. I am advised that in the above-captioned suit there are allegations that on or about September 18, 2022, Plaintiff was allegedly injured as the result of a motor vehicle accident while riding his motorcycle on the New Jersey Turnpike at milepost 121 in Fort Lee, County of Bergen, New Jersey.

3. I have caused the records to be reviewed relating to the jurisdiction for highway maintenance and control of NJDOT over highways within the State of New Jersey, particularly those records which pertain to the location and date set forth in paragraph two above. The review indicated there are no records that the NJDOT had a jurisdictional agreement for highway maintenance and control at said location on said date.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
MARK HAUSKE, PROJECT MANAGER
Division of Capital Program Support

DATED: 01/11/2024

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
PO Box 116
Trenton, NJ 08625
Attorney for Defendants,
    State of NJ and NJ Department of
    Transportation

By: Angela M. Cifelli (330952022)
    Deputy Attorney General
    609-376-2761
    Angela.Cifellilaw.njoag.gov
    DOL# 23-02991

| | |
|---|---|
| DENIER POLANCO ALMONTE,<br><br>    Plaintiff,<br><br>v.<br><br>THE NEW JERSEY TURNPIKE AUTHORITY, GARDEN STATE PARKWAY, THE STATE OF NEW JERSEY; THE NEW JERSEY DEPARTMENT OF TRANSPORTATION; JOHN DOE 1-10 (fictitious names); JANE ROE 1-10 (fictitious names); JOHN DOE CORP. 1-10 (fictitious names),<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Docket No.2:23-cv-22642-CCC-CLW<br><br>**<u>CIVIL ACTION</u>**<br><br>**CERTIFICATION OF<br>VICTOR AKPU** |

VICTOR AKPU, of full age, certifies and says:

1.  I am employed as Director, Division of Right of Way and Access Management, State of New Jersey Department of Transportation ("NJDOT"). In this capacity, I have access to records kept, in the ordinary course of NJDOT business, concerning real property within the State of New Jersey.

2. I am advised that in the above-captioned suit there are allegations that on or about September 18, 2022, Plaintiff was allegedly injured as the result of a motor vehicle accident while riding his motorcycle on the New Jersey Turnpike at milepost 121 in Fort Lee, County of Bergen, New Jersey.

3. I have caused the records to be reviewed relating to real property within the State of New Jersey owned by NJDOT, particularly those records which pertain to the location and date set forth in paragraph two above. I find that there is no record that NJDOT had ownership of real property at this location on the date indicated.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              _____
                                              VICTOR AKPU, DIRECTOR
                                              Division of Right of Way & Access Management

DATED: 1/22/24